The plaintiff, Daniel Desmond, appeals from a decision of the Superior Court entering judgment on the pleadings for the defendant, the town of West Bridgewater (town), and affirming the decision of the Civil Service Commission (commission) in favor of the town. On appeal, Desmond contends that the commission (1) erred by concluding that it lacked the power to modify his discipline, (2) erred by failing to consider a lesser punishment, where its findings differed substantially from the town, and (3) failed to evaluate whether favoritism existed and failed to protect against favoritism. We affirm.
Background. 1. Desmond's misconduct. At the time of his termination in February, 2014, Desmond had served as a permanent, full-time police officer with the town for approximately seventeen years. In May, 2013, Desmond met and subsequently began a relationship with Mrs. A,[3] who was married. A series of events transpired whereby the town, as the appointing authority, terminated Desmond for making false statements, conduct unbecoming a police officer, and harassment. On appeal, the commission found that Desmond made untruthful statements, and also upheld one charge of conduct unbecoming a police officer, but found that the harassment charge had not been substantiated. The following events served as the basis for the commission's decision.
In September, 2013, Desmond assisted Mrs. A in obtaining an emergency abuse prevention order against her husband. Desmond also assisted Mrs. A with the hearing to extend the emergency order, in part by walking her into the court house.[4] Desmond later testified under oath that he did not enter the court house on the day of the hearing to extend the emergency order, which the commission found to be untruthful.
In October, 2013, Desmond conducted an Interstate Identification Index (Triple I search) of Mrs. A.[5] The commission determined this to be conduct unbecoming a police officer, because there was no evidence that Desmond had any specific, legitimate basis for conducting the search.
In November, 2013, Mrs. A again sought an emergency abuse prevention order against her husband. Desmond accompanied Mrs. A and her sister to the Brockton Police Department, where he provided Mrs. A with assistance in preparing her affidavit in support of the abuse prevention order.[6] Desmond testified at the hearing for an extension of the emergency abuse prevention order that he had not seen the affidavit in support of the abuse prevention order and that he did not assist Mrs. A in writing it.[7] He further testified that he had never been to Mrs. A's house, despite having been to her house just six days before the hearing. The commission concluded that Desmond testified untruthfully.
In late November, 2013, the West Bridgewater Police Department commenced an investigation into Desmond's actions, and Desmond was placed on paid administrative leave. While Desmond was on administrative leave, an officer from the Brockton Police Department was dispatched to Mrs. A's neighborhood to investigate a "suspicious vehicle." The vehicle was registered to Desmond, and the officer questioned Desmond about being in Mrs. A's neighborhood. The commission concluded that Desmond had lied to the officer by initially denying being in the neighborhood, and had "erred" by omitting the conversation with the officer in an e-mail he sent to Lieutenant Victor Flaherty about the incident.
2. Prior misconduct by other town police officers. During the hearing before the commission, Desmond presented evidence that he was treated differently than two other members of the West Bridgewater Police Department, Officer Michael Kominsky and former Police Chief Donald Clark.[8] In 2006, the First Circuit Court of Appeals determined that Kominsky had not been a credible witness at a criminal trial. See United States v. Henderson, 463 F.3d 27 (1st Cir. 2006). In 2012, a Massachusetts Commission Against Discrimination (MCAD) hearing officer did not credit certain testimony provided by Clark at a hearing. Neither officer was investigated and neither was disciplined for his actions.
3. Prior proceedings. Following a disciplinary hearing before the town's board of selectmen (board), the board, as appointing authority, terminated Desmond for making false statements, conduct unbecoming an officer, and harassment. Desmond appealed to the commission, which upheld his termination, but determined that the harassment charge was not substantiated and that only one charge of conduct unbecoming a police officer was substantiated. Desmond appealed the commission's decision to the Superior Court, where a judge remanded the case to the commission because, inter alia, he found that the commission did not "articulate findings that support a conclusion of uniform and fair treatment as required by the Civil Service laws." On remand, Desmond claimed that his disparate treatment resulted from an encounter he had with Flaherty in 2013, but the commission determined the encounter did not occur. The commission also concluded that although Kominsky and Desmond were not "treated with uniformity ... there was no animus against Mr. Desmond that may have contributed to the decision to terminate him." Desmond appealed the commission's second decision to the Superior Court, where a different judge granted the town's motion for judgment on the pleadings, and judgment entered accordingly. Desmond appeals.
Discussion. 1. Legal framework. "A tenured civil service employee who is aggrieved by a disciplinary decision of an appointing authority may appeal to the commission." Thompson v. Civil Serv. Comm'n, 90 Mass. App. Ct. 462, 463 (2016), citing G. L. c. 31, § 41. The commission then finds facts anew and must determine, by a preponderance of the evidence, whether there was reasonable justification for the appointing authority's action. See Falmouth v. Civil Serv. Comm'n, 447 Mass. 814, 823-824 (2006) ; Thompson, supra. On appellate review, we "inquire whether the commission's decision was 'legally tenable,' " accepting the commission's factual findings if supported by substantial evidence (citation omitted). Thompson, supra at 463-464. See Beverly v. Civil Serv. Comm'n, 78 Mass. App. Ct. 182, 188 (2010). General Laws c. 30A, § 14(7), sets forth the bases on which the commission's decision may be reversed. See Spencer v. Civil Serv. Comm'n, 479 Mass. 210, 215 (2018). "We may set aside the commission's decision only if the substantial rights of any party may have been prejudiced [because the commission decision] is based on an error of law, unsupported by substantial evidence, or otherwise not in accordance with the law" (quotation and citation omitted). Id. The appellant bears a heavy burden in demonstrating the invalidity of the commission's decision. See Police Dep't of Boston v. Kavaleski, 463 Mass. 680, 689 (2012).
2. Commission's power to modify discipline. Desmond first argues that the commission committed an error of law by concluding that it lacked the power to modify his discipline. Contrary to Desmond's claim, when viewed in the context of the entire decision, the commission did not conclude that it lacked the power to modify his discipline. Desmond seizes on one sentence in which the commission stated that it agreed with the town's argument that Desmond must be terminated. However, it is clear that the commission analyzed Desmond's actions, the actions of other town police officers, applied the relevant law, and did not conclude that it lacked discretion to modify Desmond's discipline.[9] See Falmouth, 447 Mass. at 823-824 (commission may modify discipline).
3. Evaluation of difference between town's and commission's findings. Desmond next contends that the commission committed an error of law by failing to address "whether its findings differed so substantially from the findings of the appointing authority that it was required to consider a lesser punishment." We disagree.
Although the commission's findings were not identical to the town's, this is not a case where the findings differed so significantly as to warrant the commission's modification of the discipline. See Leominster v. Stratton, 58 Mass. App. Ct. 726, 732-733 (2003) (reinstating commission's decision restoring police officer to his position where commission found facts justifying discharge from police force did not exist). Viewed in its totality and in context, the commission's second decision reflects careful consideration of the appropriate penalty to be imposed for Desmond's misconduct. In view of the seriousness of that conduct -- including lying under oath -- the commission did not commit an error of law or act arbitrarily or capriciously in determining that a lesser punishment than termination was not warranted.[10]
Judgment affirmed.

We use the name employed in the commission's decision.

The judge did not grant Mrs. A an extension of the emergency abuse prevention order.

A Triple I search provides a list of States that have a criminal history record on the person searched, and, as the commission found, is only to be used by law enforcement officials who have a specific, legitimate basis for accessing such records.

A District Court judge granted Mrs. A. an emergency abuse prevention order against her husband.

The judge conducting that hearing stated that he did not find Desmond credible, and he vacated the emergency order.

Kominsky's father served as the West Bridgewater Police Chief from 1997 to 2004, and Clark served as police chief from 2004 to 2016.

Contrary to Desmond's argument, the commission quoted from applicable case law, which states, in relevant part, "[e]ach case must be judged on its own facts." Boston v. Boston Police Patrolmen's Ass'n, 443 Mass. 813, 822 n.9 (2005).

Desmond also argues that the commission failed to evaluate whether favoritism existed and failed to protect against favoritism. The commission analyzed Kominsky's and Clark's statements, as well as Desmond's assertion of disparate treatment from Flaherty. See Falmouth, 447 Mass. at 824 (underlying purpose of civil service system is "to guard against political considerations, favoritism, and bias in governmental employment decisions" [citation omitted] ). Were we to accept Desmond's position, it would create a paradoxical scenario where as long as an appointing authority failed to discipline one bad actor, future bad actors also could not be disciplined, at least until the other officers were disciplined or the town changed its policies. See Police Comm'r of Boston v. Civil Serv. Comm'n, 22 Mass. App. Ct. 364, 371 (1986) (police officers must behave in manner that brings honor and respect for law enforcement personnel). This argument is unavailing. See Boston, 443 Mass. at 822 n.9 ("That other police officers may have received lesser sanctions for their serious misconduct avails nothing here. Each case must be judged on its own facts ...").